CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 09 2013

JULIA C. DUDLEY, CLERK
BY: /s/ H McParand
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 4:09-cr-00024-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| **WILLIAM ALONZO TAYLOR,** | ) | By:  Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

William Alonzo Taylor, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

## I.

On November 30, 2010, I sentenced petitioner to, inter alia, 87 months' incarceration for one count of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Petitioner did not appeal, and he filed the instant motion on June 13, 2013. The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Petitioner argues that the § 2255 motion is timely filed because of Alleyne v. United States, No. 11-9335, ___ U.S. ___, 133 S. Ct. 2151 (2013), and because ineffective assistance of counsel claims cannot be raised on direct appeal.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year statute of

limitations. This one-year period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in December 2010 when the time expired for petitioner to file an appeal to the Court of Appeals. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), petitioner had until December 2011 to timely file his § 2255 motion, but he did not file the instant motion until June 2013. See Rule 3, R. Gov. § 2255 Proceedings (discussing the prison-mailbox rule for § 2255 motions).

Petitioner argues that his motion should be considered timely filed because Alleyne triggers the filing period.[1] See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). The Court held in Alleyne that any fact that increases the applicable mandatory minimum sentence is an "element" of the offense that must be submitted to the jury, but the Court recognized that not every fact that impacts judicial discretion in fixing a sentence must be found by a jury.

---

[1] Petitioner's general argument that the petition is timely because ineffective assistance of counsel claims cannot be raised on appeal does not relate to § 2255(f) and is meritless.

2

Alleyne does not apply to petitioner's case. Although petitioner's base offense level increased by two points for possessing a firearm during the crime, pursuant to United States Sentencing Guideline § 2D1.1(b)(1), no fact increased the statutory mandatory minimum that applied to petitioner.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstances in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his § 2255 motion beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, petitioner's 28 U.S.C. § 2255 motion is dismissed as untimely filed, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon my finding that the petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 9th day of July, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge